## PEOPLE *v.* WATKINS.

FORGERY—CONSTRUCTION OF STATUTE – CHATTEL MORTGAGE.

A chattel mortgage is included within the term "deed," as used in 2 How. Stat. § 9214, prescribing a punishment for uttering any forged record, deed, etc.

Error to recorder's court of Detroit; Chapin, J. Submitted June 20, 1895. Decided September 26, 1895.

Olie J. Watkins was convicted of uttering and publishing a forged chattel mortgage, and sentenced to imprisonment in the state prison at Jackson for three years. Judgment affirmed.

*George Cox,* for appellant.

*Fred A. Maynard,* Attorney General, *Allan H. Frazer,*

Prosecuting Attorney, and *Ormond F. Hunt*, Assistant Prosecuting Attorney, for the people.

LONG, J. Respondent was convicted upon an information which charged the uttering and publishing of a forged chattel mortgage as true, knowing it to be false, forged, and counterfeit. The only contention is that the uttering and publishing of this instrument as true, although false, counterfeit, altered, and forged, is not a crime under the statute under which the prosecution was had.

2 How. Stat. § 9213, provides:

"Every person who shall falsely make, alter, forge, or counterfeit * * * any charter, deed, will, testament, bond or writing obligatory, letter of attorney, policy of insurance, bill of lading, bill of exchange, promissory note, or any order, acquittance, or discharge for money or other property, or any acceptance of a bill of exchange, or indorsement or assignment of a bill of exchange or promissory note for the payment of money, or any accountable receipt for money, goods, or other property, with intent to injure or defraud any person, shall be punished by imprisonment in the state prison not more than fourteen years, or in the county jail not more than one year."

Section 9214 provides:

"Every person who shall utter and publish as true any false, forged, altered, or counterfeit record, deed, instrument, or other writing mentioned in the preceding section, knowing the same to be false, altered, forged, or counterfeit, with intent to injure or defraud as aforesaid, shall be punished by imprisonment in the state prison not more than fourteen years, or in the county jail not more than one year."

This chattel mortgage purported to have been given by Samuel W. Nichols and others to respondent, as trustee, to secure the payment of $229.28, and to secure which payment the parties did grant, bargain, sell, and mortgage to respondent the goods and chattels mentioned in the mortgage. The mortgage contained this provision:

"The consideration of these presents is such that if the said first parties shall pay or cause to be paid to the second party, his representatives or assigns, the debt aforesaid, with interest at eight per cent. per annum until paid, according to one promissory note bearing even date herewith, and to which this mortgage is collateral security, executed by said first parties, and the charges hereinafter mentioned, then this instrument and said note shall be void and of no effect; and the said first parties hereby agree to pay the same accordingly."

The term "chattel mortgage" is not mentioned in the statute, and it is therefore contended that the statute is not broad enough to cover the case of uttering and publishing such instrument.

In the case of *People* v. *Caton*, 25 Mich. 388, the respondent was convicted of uttering as true a forged mortgage upon real property. The court there held that the statute could not bear so restricted a meaning as was contended for, and that the term "deed," used in the statute, covered this mortgage. It was there said:

"The statute employs a general term, which covers instruments given for a great variety of purposes, and it gives no indication of an intent to confine its operation to deeds of lands. * * * There is abundant reason to believe, on the other hand, that the word is used in the broad legal sense in which it is understood at the common law; for the purpose of the legislature has evidently been to give, by the use of general words, such an enumeration of the instruments likely to be the subject of forgery as to embrace all the valuable writings by the false making or altering of which innocent persons might be in danger of being defrauded."

The word "deed," as used in the statute, must have the common-law definition. A deed is construed at the common law to be "a written instrument under seal, containing a contract or agreement, which has been delivered by the party to be bound and accepted by the obligee or covenantee." 1 Bouv. Law Dict. (15th Ed.) p. 493; 2 Bl. Comm. 295; Shep. Touch. 50. The definition given by Mr. Washburn is: "A writing containing a contract sealed

and delivered by the party thereto." 3 Washb. Real Prop. 553. As was said in *People* v. *Caton, supra,* the statute cannot bear so restricted a meaning as contended for.

The conviction must be affirmed.

The other Justices concurred.