## PEOPLE *v.* WEBB.

1. CRIMINAL LAW—SUFFICIENCY OF INFORMATION.
   The question of the sufficiency of an information must be determined from the information itself, and is not dependent upon the proofs.

2. SAME—ATTEMPTS TO COMMIT CRIME.
   An information charging a crime necessarily charges an attempt to commit such crime.

3. SAME—WHAT CONSTITUTES ATTEMPT.
   3 Comp. Laws, § 11784, providing that any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail or be prevented in the execution thereof, shall be subject to a certain punishment, is but declaratory of the common law, and does not change the rule as to what constitutes an attempt to commit an offense.

4. SAME—PLEADING.
   Nor does it change the common-law rule of procedure, so as to preclude a conviction for an attempt under an information charging a completed offense, when the proofs are not sufficient to show the offense, but sufficient to show an attempt.

5. SAME—ASSISTING PRISONER TO ESCAPE—CONVEYING ARTICLES INTO JAIL—EVIDENCE.
   A conviction for conveying into jail instruments useful to enable a prisoner to escape, as prohibited by 3 Comp. Laws, § 11315, cannot be sustained on evidence that such articles were brought into the sheriff's office in the jail building, which, while constituting the only means of access to the jail proper, was separate and distinct therefrom.

Error to Kalamazoo; Buck, J. Submitted February 15, 1901. Decided June 4, 1901.

Frank Webb was convicted of conveying instruments and tools into jail to assist prisoners to escape, and was sentenced to imprisonment for five years in the State house of correction at Ionia. Reversed.

*N. H. Stewart*, for appellant.

*Sheridan F. Master*, Prosecuting Attorney, for the people.

HOOKER, J.   One Allison, and a companion named Slater, being confined in the county jail at Kalamazoo, in default of bail, on a charge of larceny, on the 10th of April, 1899, Frank Webb, the respondent in this cause, went to the office of the attorney having charge of the defense of said Allison and Slater, and asked him how the boys were off for reading matter, and produced two books, and requested the attorney to deliver the same to them.   They were taken by the attorney to the sheriff's general office, and, when his errand was made known to the sheriff, he said he "would bet there were files or saws in the covers of the books," and upon examination they were found to contain both.   The jail is entered only through the sheriff's general office, which is contiguous to the place of confinement of prisoners, or jail proper, and also to the sheriff's residence; all being together in one building.   The defendant has brought error upon a conviction and sentence under section 11315 of the Compiled Laws of 1897, which provides that:

"Every person who shall convey into any jail, prison, or other like place of confinement, any disguise, or any instrument, tool, weapon, or other thing, adapted or useful to aid any prisoner in making his escape, with intent to facilitate the escape of any prisoner there lawfully committed or detained, or shall, by any means whatever, aid or assist any such prisoner in his endeavor to make his escape therefrom, whether such escape be effected or attempted or not, and every person who shall forcibly rescue any prisoner held in custody upon any conviction or charge of an offense, shall be punished by imprisonment in the State prison not more than seven years; or, if the person whose escape or rescue was effected or intended was charged with an offense not capital, nor punishable by imprisonment in the State prison, then the punishment for the offense mentioned in this section shall be by imprisonment in the county jail not more than one year, or by fine not exceeding five hundred dollars."

Counsel raises three questions, viz. :

1. Whether taking tools into the general office was conveying them *into* the jail, within the meaning of the statute.

2. Whether the information is defective because it does not allege that the defendant attempted to convey these tools into the jail, it having appeared that they were conveyed into the office merely.

3. Whether the circumstantial evidence, under which counsel claims that the defendant was convicted, proves his guilt beyond a reasonable doubt.

The information recites, in substance, the confinement of Allison and Slater under due process, charged with a felony, which is fully described, and charges the defendant with feloniously conveying into the jail two steel files and two steel saws, the same being adapted and useful to aid any prisoner in making his escape, with intent to facilitate the escape, and to aid in the escape, of said Allison and Slater. The sufficiency of an information does not depend upon the proofs. It either is or is not, upon its face, a good information; and, the defendant having been convicted of the full offense charged, it would be unnecessary to discuss the propriety of a conviction for attempt under this information, but for the purpose of a new trial. An attempt is necessarily charged in every charge of crime. 1 McClain, Cr. Law, § 229; *State* v. *Archer*, 54 N. H. 465; *State* v. *Frank*, 103 Mo. 120 (15 S. W. 330); *Reg.* v. *Hapgood*, L. R. 1 Cr. Cas. 221; Abbott, Cr. Tr. Brief, § 827*a*. Our statute (3 Comp. Laws, § 11784) provides that:

"Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution, of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows."

We have held that this section is declaratory of the common law, and does not change the common-law rule as to what constitutes an attempt to commit an offense. *Peo-*

*ple* v. *Youngs*, 122 Mich. 292 (81 N. W. 114). We think there is no reason for saying that this statute was intended to change the common-law rule as to procedure, and to preclude a conviction of an attempt upon an information charging a completed offense, when the proofs fail to show the latter, but do show an act done towards the commission thereof, within the rule laid down by the statute. See, also, 3 Comp. Laws, § 11789; *People* v. *McDonald*, 9 Mich. 153; *Hanna* v. *People*, 19 Mich. 322; *Campbell* v. *People*, 34 Mich. 351; *People* v. *Courier*, 79 Mich. 366 (44 N. W. 571); *People* v. *Abbott*, 97 Mich. 488 (56 N. W. 862, 37 Am. St. Rep. 360).

A more important question is whether, under the evidence, he should have been convicted of anything more than an attempt. This depends upon the question whether or not we should say that the office is a part of the jail, for the statute requires that the instruments be carried *into* the jail, to constitute the offense. Penal statutes must be strictly construed, and words used are to be given their popular, rather than a technical, meaning. 1 Comp. Laws, § 50, subd. 1. This court has adhered closely to this rule, as will be seen by a reference to the note accompanying this section of the statute. Few people would understand that a jailer's office is a part of the jail. A person in such office is as far from being in jail as though he were outside of a grated jail window. Counsel have not cited authority throwing much light upon the question. In *Welch* v. *State*, 25 Tex. App. 580 (8 S. W. 657), instruments had been conveyed into a yard inclosed by a wall, inside which yard the house containing the cells was placed. The trial court left it to the jury to determine whether this was a part of the jail, the question apparently being made to turn upon the use made of it; *i. e.*, whether the yard was a place of confinement used for detaining the prisoner named in the indictment. The appellate court held that "this wall was constructed with a view of confining prisoners, and constituted a stronger and more reliable safeguard against escape of prisoners than the frame

house, or the cells contained therein, and was the principal protection, the most important portion of the place of confinement,"—*i. e.*, the jail,—and affirmed the judgment. But this jailer's office was not a place of confinement for the prisoners. We think the act will not bear the construction given it by the learned circuit judge.

The judgment is reversed, and a new trial ordered.

MONTGOMERY, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.