PEOPLE *v.* LUPU.

1. CRIMINAL LAW—RAPE—ASSAULT WITH INTENT TO COMMIT THE CRIME OF RAPE—SIMPLE ASSAULT.

   In a prosecution for statutory rape, the defendant may be convicted of rape, of assault with intent to commit the crime of rape, or of simple assault.

2. SAME—TRIAL—INSTRUCTIONS AS TO LESSER OFFENSE.

   In such prosecution, where the trial judge instructed the jury that if they did not find defendant guilty of rape they might find him guilty of assault, and advised them as to what conduct would constitute an assault, but did not advise them that they could convict him of an assault with intent to commit the crime of rape nor as to what conduct would constitute that offense, a conviction thereof will be set aside, on error.

3. SAME—LESSER OFFENSE—DISTINCTION.

   Failure of the trial court to explain to the jury the distinction between simple assault and assault with intent to commit the crime of rape, *held*, prejudicial.

Error to recorder's court of Detroit; Jeffries, J. Submitted October 16, 1919. (Docket No. 111.) Decided December 22, 1919.

Alexander Lupu was convicted of an assault with intent to commit rape, and sentenced to imprisonment for not less than one nor more than ten years in the Detroit house of correction. Reversed.

*William Look,* for appellant.

*Alex. J. Groesbeck,* Attorney General, *Matthew H. Bishop,* Prosecuting Attorney, and *Herman H. Greenberg,* Assistant Prosecuting Attorney, for the people.

BIRD, C. J. Respondent was informed against in

the recorder's court of the city of Detroit for having committed the crime of statutory rape. After considering the proofs placed before them, the jury adjudged him guilty of an assault with intent to commit the crime of rape. Several errors are assigned by counsel in his behalf on the court proceedings, which led to his conviction. The important one and the one which must control the disposition of the case was the failure of the trial court to advise the jury what conduct would constitute an assault with intent to commit the crime of rape. The jury were charged that:

"If you do not find him guilty of rape beyond a reasonable doubt, gentlemen of the jury, as charged in the information, you may find him guilty of an assault, if you believe him guilty of that beyond a reasonable doubt.

"An assault is an offer or attempt, by violence, to do a corporal hurt to another, coupled with the present means or ability to carry it into effect."

It was said in *People* v. *Courier*, 79 Mich. 366:

"Under an information charging carnal knowledge and abuse of a female child under the age of 14 years, the accused may be convicted of an assault with intent to commit that offense, or of simple assault."

In commenting upon this case in *People* v. *Abbott*, 97 Mich. 484 (37 Am. St. Rep. 360), where a like question was raised, the court said:

"In this case it was a question for the jury, under the evidence in the case, to determine whether the respondent was guilty of rape, of assault with intent to commit that crime, or of simple assault; and the court should have directed them what constitutes the lesser offenses, and that they might convict on either of these lesser offenses"—citing *Hall* v. *People*, 47 Mich. 636.

See, also, *People* v. *Durham*, 170 Mich. 598.

In the present case the trial court left it to the jury to determine whether the respondent was guilty of

rape, and they were further instructed that if they did not find him guilty of that offense they might convict him of an assault, and they were advised what conduct would constitute an assault, but they were not advised that they could convict the respondent of an assault with intent to commit the crime of rape, nor was it explained to them what conduct would constitute that offense. It may be said, however, in this case that the court's failure to instruct the jury that they might convict the respondent of an assault with intent to commit the crime of rape was not prejudicial, inasmuch as they convicted him of the lesser offense, but the difficulty is they did so without being instructed what elements would constitute that offense. The average jury would not be supposed to know without being instructed what elements would constitute the lesser offense. Had the distinction between a simple assault and an assault with intent to commit the crime of rape been explained to the jury, they might have reached a different conclusion than they did. For this reason the judgment of conviction must be set aside and a new trial ordered.

SHARPE, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.