PEOPLE *v.* GARNER.

RAPE—CRIMINAL LAW—ISSUES—ASSAULT—INSTRUCTIONS—TRIAL.
   In a prosecution for statutory rape, the trial court was in
      error in restricting the verdict to guilty or not guilty, and
      in refusing to submit the issues of whether defendant was
      guilty of assault with intent to commit the crime of rape,
      or of assault and battery, although the testimony of com-
      plaining witness and another showed a completed act of
      sexual intercourse.

Error to Oakland; Rockwell (Kleber P.), J. Sub-
mitted April 16, 1920. (Docket No. 123.) Decided
June 7, 1920.

Robert Garner was convicted of statutory rape and
sentenced to imprisonment for not less than 2½ nor
more than 5 years in the State prison at Jackson. Re-
versed.

*Charles S. Matthews, Pelton & McGee,* and *Doty &
Cram,* for appellant.

*Glenn C. Gillespie,* Prosecuting Attorney, for the
people.

BROOKE, J. Defendant stands convicted of the crime
of statutory rape upon the complaining witness, one
Virginia Stockwell, who, at the time of the commis-
sion of the offense charged was about 15 years and 2
months old. The testimony of the complaining wit-
ness, together with the testimony of Grace Strong,
who was in the bed with the defendant and the com-
plaining witness at the time of the alleged commission
of the offense, shows unquestionably a completed act
of sexual intercourse. Defendant was sworn in his

own behalf and positively denied the commission of the crime charged.

Under 20 assignments of error, appellant argues under the following heads; relating:

"(*a*) To the admission of circumstances, doings and offenses taking place subsequent to the date of the crime charged in the information.

"(*b*) To the indorsement of the name of G. W. Coatsworth on the information, and admitting his testimony after the close of the people's case.

"(*c*) To the admission of testimony of Charles Larion, people's witness, and the manner of his examination by the prosecuting attorney.

"(*d*) To the remarks of the counsel for the people in argument to jury.

"(*e*) To refusal of the court to charge as requested.

"(*f*) To the charge of the court.

"(*g*) To the refusal to grant a new trial."

We may disregard the assignments argued under (*a*), (*b*), (*c*) and (*d*), as the matters there considered are not likely to arise upon a new trial.

(*e*) Defendant's first request to charge was as follows:

"The defendant in this case is charged with what is known in law as the crime of rape. Under this information there are four possible verdicts that may be rendered in this case:

"*First:* A verdict of guilty of the crime of rape.

"*Second:* A verdict of guilty of assault with intent to commit the crime of rape.

"*Third:* A verdict of guilty of assault and battery.

"*Fourth:* A verdict of not guilty."

This request was refused and the court charged as follows:

"As I have said before, there are two questions in the case for you to consider: *First,* Was the girl under sixteen years of age on the 6th day of July, 1919, and if so, did the respondent have sexual intercourse with her? If you find that the girl was under

the age of sixteen years and the act of intercourse took place as testified to by Virginia Stockwell, then your verdict should be that the respondent is guilty. Upon the other hand, if you find that the girl was over the age of sixteen years on that date, or that the respondent did not have sexual intercourse with her as claimed, then, of course, he is not guilty and you should so report through your foreman, one of two verdicts, either that of guilty or one of not guilty."

We are constrained to hold, under the authorities in this State, that the court was in error in refusing the request, as proffered, and in the charge as given. In the case of *Hall* v. *People*, 47 Mich. 636, the identical question was passed upon and the omission to charge as here requested was held to be reversible error. In *People* v. *Miller*, 96 Mich. 119, the court said:

"It is true that upon this record the proof upon one side shows the completed act of sexual intercourse with a girl under the age of 14 years, while upon the other a denial of any offense is made. Under such proof it cannot be denied that a verdict of assault with intent to rape is illogical. But an assault with intent to commit rape is necessarily included in every rape. The defendant's counsel are alleging, not an injurious error, but one which, if it could be called an error, has resulted to defendant's advantage."

We have so recently passed upon this question that further discussion is unnecessary. *People* v. *Lupu*, 208 Mich. 44; *People* v. *Martin*, 208 Mich. 109.

The judgment is reversed, and a new trial awarded.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.