PEOPLE *v.* HARVEY.

RAPE—TRIAL—INSTRUCTIONS AS TO LESSER OFFENSES.

> In a prosecution for statutory rape, the neglect of the trial judge to charge the jury as to the lesser offenses contained in the charge is reversible error (3 Comp. Laws 1915, § 15616), although it does not appear in the record that a request to so charge was made and refused.

Exceptions before judgment from Muskegon; Vanderwerp (John), J.  Submitted October 14, 1920. (Docket No. 111.)  Decided December 21, 1920.

George S. Harvey was convicted of statutory rape. Reversed.

*R. J. Macdonald* (*D. A. Macdonald,* of counsel), for appellant.

*Alex. J. Groesbeck,* Attorney General, *Christian A. Broek,* Prosecuting Attorney, and *Harry W. Jackson,* Assistant Prosecuting Attorney, for the people.

MOORE, C. J.  The defendant was convicted of statutory rape upon his sister.  The sister was a witness on the part of the people and testified to an act of sexual intercourse with the defendant.  Other witnesses on the part of the people testified to confessions by the defendant of indecent familiarities with his sister, in which he denied any acts of sexual intercourse. The defendant was a witness in his own behalf and denied any improper relations with his sister, and denied that he had made admissions of any improper acts.  Other testimony was offered by him tending to show he was not guilty.

The court charged the jury in part as follows:

"If you are satisfied beyond a reasonable doubt from the evidence in the case of the guilt of this respondent, it is your duty to convict him; if you are not satisfied, and beyond a reasonable doubt, it is your duty to acquit him. In form, your verdict will be, if you find the respondent guilty, 'we find the respondent guilty as charged'; if you acquit the respondent you will say, 'we find the respondent not guilty.'"

It is alleged as error that the court should have charged the jury as to the lesser offenses contained in the charge, and that they were at liberty, if the testimony justified it, to convict of the lesser offenses, citing 3 Comp. Laws 1915, § 15616.

The people contend that no request to charge upon that subject was offered and that the court did not err in saying nothing about it, citing *People* v. *Long,* 144 Mich. 486. In that case there was a reversal for another reason and in the instant case the record shows that defendant's request was refused, though it does not show what was requested. The question here has recently had the attention of this court in *People* v. *Garner,* 211 Mich. 44. We think that case and the authorities cited therein are controlling.

The verdict of guilty is set aside and a new trial is ordered.

Steere, Brooke, Fellows, Stone, Clark, Bird, and Sharpe, JJ., concurred.