PEOPLE *v*. ALLIE.

1. CRIMINAL LAW—ROBBERY—INDICTMENT AND INFORMATION—IN-STRUCTION AS TO LESSER OFFENSE.

    In a prosecution for robbery under 3 Comp. Laws 1915, § 15208, providing that upon an indictment for any offense consisting of different degrees the jury may find the accused not guilty of the offense in the degree charged, and may find such accused guilty of any degree of such offense inferior to that charged, or of an attempt to commit such offense, defendant had a right to have the jury

instructed that he could be convicted of an attempt to commit robbery or of assault and battery.

2. SAME—INSTRUCTION AS TO LESSER OFFENSE MUST BE REQUESTED
—FORMER HOLDING OVERRULED.

In such case, where no request was made to charge the jury that defendant could be convicted of an attempt to commit robbery or of assault and battery and the attention of the judge was not challenged in any way to his omission to so instruct, conviction will not be reversed therefor; overruling the former holding of this court where, in rape cases, it has been held sufficient cause for reversal. MOORE, FELLOWS, and CLARK, JJ., dissenting.

Error to recorder's court of Detroit; Keidan (Harry B.), J. Submitted April 15, 1921. (Docket No. 129.) Decided October 7, 1921.

Base Allie was convicted of larceny from the person, and sentenced to imprisonment for not less than 2½ nor more than 5 years in the State prison at Jackson. Affirmed.

*G. Sweetman Smith,* for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *W. McKay Skillman,* Assistant Prosecuting Attorney, for the people.

BIRD, J. Defendant was charged under section 15208, 3 Comp. Laws 1915, with having committed a robbery in the city of Detroit. A trial resulted in his conviction. Error has been assigned on the charge of the trial court. By way of instruction the trial court said to the jury they could find one of three verdicts. They could find defendant guilty as charged; they could find him guilty of larceny from the person; or they could find him not guilty. Defendant's counsel agrees with this, but insists that it does not go far enough; that there were two other verdicts which

could have been found, namely, "an attempt to commit a robbery and assault and battery." He further insists that the failure to so instruct the jury was reversible error and he argues that this view is sustained by the recent statutory rape cases in which we have held that the trial court must, upon his own initiative, instruct the jury as to the lesser offenses included in the offense charged. The cases referred to are *People* v. *Garner*, 211 Mich. 44, and *People* v. *Harvey*, 212 Mich. 393.

The prosecutor replies, in substance, that if defendant is correct in his position as to the two additional verdicts, he should have called the trial court's attention to the omission at the time. Not having done so, he cannot be heard to say that the omission was reversible error, and cites the following cases in support thereof: *People* v. *Brott*, 163 Mich. 150; *People* v. *Driscoll*, 47 Mich. 414; *People* v. *Waller*, 70 Mich. 239; *People* v. *Raher*, 92 Mich. 167; *People* v. *Warner*, 104 Mich. 337; *People* v. *Smith*, 106 Mich. 437.

Both counsel appear to be well fortified in their respective contentions. It, therefore, devolves upon the court to point the way to a single and consistent rule in such cases. The statute appears to support defendant's contention as to the number of verdicts which could have been rendered. Section 15616, 3 Comp. Laws 1915, provides that:

"Upon an indictment for any offense consisting of different degrees, as prescribed in this title, the jury may find the accused not guilty of the offense in the degree charged in the indictment, and may find such accused person guilty of any degree of such offense, inferior to that charged in the indictment, or of an attempt to commit such offense."

This statute would clearly give a defendant in a criminal case the right to have the jury instructed that

he could be convicted of any of the included offenses. This court has held specifically that one charged with robbery may be convicted of assault with intent to rob.   *People* v. *Blanchard,* 136 Mich. 148.   And the rule elsewhere appears to be that he may be convicted of assault and battery.  1 McClain on Criminal Law, p. 463; 23 R. C. L. p. 1162; 22 Cyc. p. 481.

We think it clear under the terms of the statute that the defendant was entitled to have an instruction that he could be found guilty of an attempt to commit the crime of robbery or of assault and battery.   The question then arises whether it was reversible error for the trial court to neglect to give this instruction upon his own initiative.

As will be seen by an examination of the cases cited by the prosecutor, it has not been the general rule of this court to reverse verdicts in criminal trials for omissions to charge specific things where the trial court's attention was not called to them, nor any request proffered covering them.   A similar question is discussed at considerable length in *People* v. *Brott,* 163 Mich. 150.   In that case Brott was charged with breaking and entering, in the nighttime, a store not adjoining to or occupied with a dwelling house, with intent to commit larceny.   The trial court, in stating to the jury the essential elements they would have to find in order to convict, omitted to tell them that they would have to find the store was not adjoining to or occupied with a dwelling house.   The court's attention was not called to the omission and no request was made covering it.   The omission was insisted upon in this court as error.   After an exhaustive review of the authorities it was said:

"We adhere to the general rule that questions will not be reviewed unless raised in the court below, and brought  here in accordance with the general practice, for to hold otherwise would enable defendants to raise

most any question without exception.   There is much good sense in the strictest rule upon this subject, and certainly to extend it beyond the exception mentioned, as intimated in *People* v. *Farrell,* 146 Mich. 291, where advantage was sought upon technical grounds, would be to put a premium upon a practice of treating a point as inconsequential, or conceded, and thereafter asking a reversal, upon the ground that it has been overlooked, thus allowing a defendant to have an 'anchor to windward' in case he shall fail of acquittal on the merits."

The question was again raised in *People* v. *Page,* 198 Mich. 524, that the trial court erred because he failed to charge the jury that they could find defendant guilty of manslaughter instead of murder, as charged.   In disposing of the point, the court said:

"We find no occasion, under the circumstances shown here, to reverse this conviction for a claimed omission to charge the jury upon a point not then recognized by either side as tenable, not presented by any request, and not brought to the attention of the trial court by exception;" citing the case of *People* v. *Brott, supra.*

In *People* v. *Luce,* 210 Mich. 621, the point was made that the court was in error in failing to instruct the jury as to the weight to be given to the proof of good reputation offered by defendant.   Mr. Justice SHARPE, in disposing of this point, said:

"The trial judge omitted to instruct the jury as to the weight to be given to the proof of good reputation offered by defendant.   No request therefor was given. We think the rule stated in 16 C. J. p. 980, is a safe one to follow:

" 'Where defendant has given evidence of good character, he is entitled to appropriate instructions on request, although a neglect to give such an instruction in the absence of a proper request therefor is not erroneous.' "

See, also, *People* v. *Maczulski,* 194 Mich. 193.

These and many other cases illustrate the attitude of this court in refusing to reverse verdicts for fail-

ure to charge specifically on some question where it was not requested. It is true, however, as defendant's counsel points out, that we have not followed this rule in several rape cases which have recently been decided. Among those cases are *People* v. *Lupu,* 208 Mich. 44, and *People* v. *Harvey,* 212 Mich. 393.

It is quite true in those cases we held that it was error for the court to neglect to advise the jury that they could convict of the lesser included offenses. These cases followed the case of *People* v. *Abbott,* 97 Mich. 484 (37 Am. St. Rep. 360), which case appears to have been the first departure from the general rule theretofore followed. The statute heretofore quoted, which entitles defendant to have the jury charged that they may convict of the included offenses applies to other criminal cases as well as to rape cases, and we see no reason for any different rule to be followed in rape cases than in other criminal cases. We are satisfied that the holdings in the rape cases have gone too far and that they are out of line with the general rule which has been followed in other criminal cases. For this reason the holdings in those cases must be modified to conform with the general rule.

In the present case the court did not advise the jury that they could convict the defendant of an attempt to commit the crime of robbery nor of assault and battery. Its attention was not challenged to it in any way. No request to that effect was proffered, and we are of the opinion that, after counsel has neglected to call it to the attention of the trial court at the time, he should not now be permitted to come before the appellate court and have the case reversed on that ground.

This being the only question that calls for our consideration, the judgment of conviction will be affirmed.

STEERE, C. J., and WIEST, STONE, and SHARPE, JJ., concurred with BIRD, J.

CLARK, J. (*dissenting*).    If an instruction respecting the included offenses as provided by the statute quoted by Mr. Justice BIRD may be omitted and excused on the ground of the failure of counsel to prefer a request upon the subject, why may not a failure to instruct upon any subject be likewise excused, or, indeed, a failure to charge the jury at all?    The correct rule was announced in *People* v. *Garner*, 211 Mich. 44, and in *People* v. *Harvey*, 212 Mich. 393.

Judgment should be reversed, defendant remanded to the custody of the sheriff of Wayne county, and a new trial ordered.

MOORE and FELLOWS, JJ., concurred with CLARK, J.