PEOPLE v. MILLER

CRIMINAL LAW—ATTEMPTS—PLEA OF GUILTY—PLEA BARGAINING
—SENTENCES.
    A trial court in its discretion · may accept a plea of guilty
    of attempted possession of burglar's tools not only to help
    facilitate the plea-bargaining process, but also to provide
    a lesser maximum sentence where the court deems it ad-
    visable (MCLA § 750.92, 750.116).

Appeal from Wayne, James Montante, J. Sub-
mitted Division 1 April 21, 1970, at Detroit. (Docket
No. 5,837.) Decided July 30, 1970.

Marvin Keith Miller was convicted, on his plea of
guilty, of attempted possession of burglar tools.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, and *Arthur N. Bishop,* As-
sistant Prosecuting Attorney, for the people.

*Charles H. Brown,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN
and O'HARA,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 494.

PER CURIAM. The people have moved to affirm defendant's conviction by a plea of guilty of attempted possession of burglar's tools. MCLA § 750.116 (Stat Ann 1962 Rev § 28.311) and MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).

Defendant and another were charged with possession of burglar's tools but offered to plead guilty to attempted possession of burglar's tools after several days of jury trial before the Honorable James Montante, Judge of Wayne County Circuit Court, on January 11, 1968.

Judge Montante explained the defendant's right to continue with the jury trial, the right to confront and cross-examine witnesses and to present his own witnesses, and the privilege not to take the stand. The court further explained that the offense was punishable by a five-year maximum prison term. Defendant acknowledged that no one had threatened him or promised him anything.

Defendant's plea was accepted and on February 6, 1968, defendant was sentenced to 2-1/2 to 5 years in prison. Defendant appeals as of right arguing that the record failed to show the necessary elements of the offense.

After careful review of the record, it is clear to this Court that there is more than a substantial factual basis in the record to justify the acceptance of the proffered plea. *People v. Bartlett* (1969), 17 Mich App 205.

Defendant also contends that the lesser included offense of attempted possession is not possible. We do not agree with this argument.

The Supreme Court in *People v. Webb* (1901), 127 Mich 29, stated every charge of crime necessarily includes an attempt. Defendant argues, however, that that pertains to the crimes consisting of differ-

ent degrees; and argues further that this crime he
is charged with did not consist of degrees. We do
not agree; we feel that the trial court, in its discre-
tion, may accept a plea of guilty of attempted pos-
session of burglar's tools not only to help facilitate
the plea-bargaining process but also to provide
lesser maximum sentences in areas where the court
deems it advisable. The court, in this matter, felt
that the five-year maximum sentence was a sufficient
maximum to satisfy and meet the ends of justice.

Motion to affirm granted.