PEOPLE v. BLEVINS

1. BURGLARY—BREAKING AND ENTERING—CRIMINAL LAW—INCLUDED
   OFFENSES—ENTRY WITHOUT PERMISSION.·

   The crime of entry without permission is a lesser included
   offense of the crime of breaking and entering with intent to
   commit larceny (MCLA §§ 750.110, 750.115).

2. BURGLARY—BREAKING AND ENTERING—CRIMINAL LAW—INCLUDED
   OFFENSES—ENTRY WITHOUT PERMISSION—INSTRUCTIONS TO JURY.

   Defendant was entitled to a charge to the jury that it might
   convict the defendant of the lesser included offense of entry
   without permission instead of the greater offense of breaking
   and entering with intent to commit larceny where two witnesses
   testified that the defendant did not participate in the breaking
   and entering and two witnesses testified that the defendant
   entered the building only to persuade a friend to leave, not
   with the intent to commit larceny.

3. CRIMINAL LAW—WARNING OF RIGHTS—DEFENDANT'S UNSOLICITED
   REMARKS—ADMISSIBILITY.

   Statement made at the police station by the defendant, charged
   with breaking and entering with intent to commit larceny,
   that he needed money because his wife was pregnant and he
   couldn't find a job was admissible at the defendant's trial
   where the remark was made after the defendant had been
   advised of his constitutional rights, made while the defendant
   was going to the telephone to make a call, and where there
   had been no question asked of the defendant and the remark
   was unsolicited.

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Burglary § 10.
[2] 13 Am Jur 2d, Burglary § 69.
[3] 29 Am Jur 2d, Evidence §§ 555–557.
   Necessity of informing suspect of rights under privilege of self-
   incrimination, prior to police interrogation.  10 ALR3d 1054.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 December 8, 1970, at Lansing. (Docket No. 9216.) Decided January 22, 1971.

Whitney C. Blevins was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Marvin L. Failer,* for defendant on appeal.

Before: McGREGOR, P. J., and T. M. BURNS and ANDREWS,* JJ.

McGREGOR, J. On November 17, 1967, the defendant was tried before a jury and convicted of the offense of breaking and entering with the intent to commit a larceny, contrary to MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). Defense counsel filed a motion for new trial which was denied, and defendant later filed an application for delayed appeal to this Court, which was granted.

The evidence adduced at trial indicates that during the evening of July 6, 1967, an appliance and furniture store was broken into. Responding to a silent alarm call, police went to the store and discovered the break-in; the officers then conducted a search of the premises and found two persons hiding in a restroom on the first floor. One of these persons was a juvenile and the other was this defendant.

After being taken to the police station and informed of his rights, the defendant was told that he

---

* Circuit judge, sitting on the Court of Appeals by assignment.

could use the telephone; on his way to do so, he made the statement, "I need money because my old lady is going to have a baby, and I can't find a job". There was no objection to the introduction of this statement at trial.

The juvenile testified at trial that he was the one responsible for the break-in and that the defendant entered the building only for the purpose of persuading him to leave. The juvenile stated that he broke the window to gain admission to the appliance and furniture store and that, before they could leave, the police arrived. Defendant also testified at trial and his tenuous testimony was substantially the same as that of the juvenile. Defendant stated that he tried to dissuade the juvenile from breaking into the store and that, after the juvenile entered the store by breaking the window, he followed the juvenile in and urged him to leave.

On appeal, defendant raises four issues, only two of which are considered to be dispositive of this appeal.

In the absence of the jury and prior to the judge's charge to the jury, a discussion was held regarding the propriety of charging the jury as to the lesser included offenses of breaking and entering. Defense counsel urged that the charge of entry without permission (MCLA § 750.115 [Stat Ann 1962 Rev § 28.310]) was an included offense of breaking and entering. The prosecution urged that entry without permission did not constitute a lesser included offense and the trial court did not charge regarding this lesser offense. This issue is controlled by *People* v. *Simpson* (1966), 5 Mich App 479, where the Court stated that entry without permission was a lesser included offense of breaking and entering with intent to commit a larceny.

In view of the facts that two witnesses testified that defendant did not participate in the breaking and entering and that two witnesses also testified that the defendant did not enter with the intent to commit larceny but merely to persuade his friend to leave, the evidence supported the lesser charge. The trial court erred in refusing to give the defendant's requested instruction. *People* v. *Netzel* (1940), 295 Mich 353, 356; *People* v. *Allie* (1921), 216 Mich 133; *People* v. *John Willie Williams* (1970), 26 Mich App 218; see *People* v. *Lemmons* (1970), 384 Mich 1.

During the charge to the jury the judge instructed:

"Now, ladies and gentlemen, now, with reference to force, or as to the breaking, you heard testimony by one Lemar Heard, that he climbed on top of something to reach the second-story window, and that he broke the window with the stick.

"Now, that would be a breaking. So, that element, you see, has been proven by the prosecutor."

This charge, in effect, directed a verdict on the element of breaking; it was error. *People* v. *Putnam* (1948), 323 Mich 374; *People* v. *McIntosh* (1967), 6 Mich App 62.

We consider another issue raised on appeal only insofar as it may occur on retrial.

Defense counsel asserts that the admission of the statement, "I need money because my old lady is going to have a baby, and I can't find a job", made by defendant while in custody and after being warned of his *Miranda* rights, but before he was able to secure a lawyer, constitutes a violation of his right to counsel. *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974). From the transcript it is apparent that the defendant was adequately warned of his rights prior to this statement; the statement was

made to the detectives while the defendant was going to make a telephone call, to exercise one of the rights of which he had been informed. There was no question propounded which brought the defendant's response; the remark was unsolicited. Under these circumstances, the statement was properly admitted. See *People* v. *Bynum* (1970), 21 Mich App 596; *People* v. *Tubbs* (1970), 22 Mich App 549.

Reversed and remanded.

All concurred.