PEOPLE v. IACOPELLI

1. CRIMINAL LAW—CONCEALED WEAPON—QUESTION OF FACT.
    Whether a weapon was concealed from ordinary observation is a
    question of fact for the trier of fact in a prosecution for
    carrying a concealed weapon; the issue of concealment depends
    on the particular circumstances of the case (MCLA § 750.227).

2. INDICTMENT AND INFORMATION — MULTIPLE OFFENSES — SAME
    TRANSACTION.
    Two charges may be made in one information where the crimes
    charged arose from the same transaction.

3. CRIMINAL LAW—CONCEALED WEAPON—INTENT.
    The defendant's intent in carrying a weapon is not relevant to
    the crime of carrying a concealed weapon; the only intent
    necessary is an intent to carry the weapon concealed on or
    about the person (MCLA § 750.227).

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 December 17, 1970, at Detroit. (Docket No. 6538.) Decided January 25, 1971.

James Iacopelli was convicted of carrying a concealed weapon, without a license. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur, Weapons and Firearms § 10.
[2] 41 Am Jur 2d, Indictments and Informations § 213.
[3] 56 Am Jur, Weapons and Firearms § 12.

Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Ostrowski, Wilson & Belanger,* for defendant on appeal.

Before: V. J. Brennan, P. J., and J. H. Gillis and Jeannette,* JJ.

Per Curiam. Defendant was tried on two counts, carrying a concealed weapon without a license, MCLA § 750.227 (Stat Ann 1962 Rev § 28.424), and carrying a firearm with unlawful intent, MCLA § 750.226 (Stat Ann 1962 Rev § 28.423). The jury returned a verdict of guilty on the first count and acquitted defendant on the second count.

A timely claim of appeal was filed by defense counsel in this Court, but dismissed for lack of progress. Defendant then filed a petition for a writ of habeas corpus. Having determined that defendant was not personally chargeable for the lack of progress, the petition for writ of habeas corpus was treated in this Court as an application for delayed appeal pursuant to an order of the Michigan Supreme Court (382 Mich 790).

Defendant raises six issues on appeal. His first contention is that Count I, carrying a concealed weapon, should have been dismissed because the police officers testified that they saw the gun in plain sight before defendant allegedly placed it in his coat pocket. Therefore, there was no issue of concealment and the issue should not have been presented to the jury.

The issue of concealment depends on the particular circumstances present in each case and the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

question of whether the weapon was concealed from ordinary observation is for the trier of fact to determine. *People* v. *Johnnie W. Jones* (1968), 12 Mich App 293. There was a question of fact as to whether the gun was concealed in violation of the statute. Submission of this question to the jury was not error.

Defendant next contends that the two charges should have been raised in separate informations. Since both charges arose out of the same transaction, it was not error to include both counts in one information, nor were the counts inconsistent, thereby requiring the prosecutor to elect between the counts. 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 371, p 553; *People* v. *Dexter* (1967), 6 Mich App 247.

Defendant next contends that the trial judge erred in instructing the jury that in carrying a concealed weapon "the intention is immaterial".

The intent with which a weapon is carried is not an element of the offense. The only intent necessary under the statute is an intent to do the act prohibited—to carry the weapon concealed on or about the person. *People* v. *Williamson* (1918), 200 Mich 342; *People* v. *Morris* (1967), 8 Mich App 688.

Defendant contends that hearsay evidence was erroneously admitted. Detective Alvin Moehring contradicted the testimony of a hostile prosecution witness who had been ruled a *res gestae* witness. As such, the people were not bound by his testimony and could, therefore, impeach him. *People* v. *Jones* (1965), 1 Mich App 633, 639.

Defendant next contends that the cancellation of his bond before trial was prejudicial. The jury was unaware of the bond cancellation and, therefore, no

prejudice could have attached to defendant as a result of such cancellation.

Finally, although several witnesses testified that they did not see defendant with a gun, the two arresting officers testified that they observed him with a gun.

The credibility of the witnesses was a matter for the jury's consideration. *People* v. *Morris* (1968), 12 Mich App 411. There was sufficient evidence, if believed by the jury, to justify a finding of guilt beyond a reasonable doubt. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519.

Affirmed.