## PEOPLE v NORRIS

### OPINION OF THE COURT

1. CRIMINAL LAW—POSSESSION OF BLACKJACK—INTENT.

The intent with which a blackjack is possessed is not an element of the crime of possessing a blackjack; all that is necessary is that the defendant has the intent to do the act prohibited, merely to carry the weapon (MCLA 750.224).

2. CRIMINAL LAW—INCLUDED OFFENSE—INSTRUCTIONS TO JURY—REQUEST.

Failure to give instructions on lesser included offenses was not reversible error, where, although a discussion as to instructions was held, it was off the record, and where the record is devoid of any request for such an instruction, because it is impossible to determine with certainty whether such instruction was specifically requested (GCR 1963, 516.1).

### CONCURRENCE BY O'HARA, J.

3. CRIMINAL LAW—POSSESSION OF BLACKJACK—ATTEMPTED POSSESSION.

*There is no such crime as an "attempt to possess a blackjack" (MCLA 750.224).*

4. CRIMINAL LAW—ATTEMPT.

*Not all crimes include a lesser crime of attempt (MCLA 750.92).*

Appeal from Wayne, Cornelius J. Sullivan, J. Submitted Division 1 March 2, 1972, at Lansing. (Docket No. 10252.) Decided April 24, 1972.

Charles L. Norris was convicted of possession of a blackjack. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law § 81 *et seq.*
   56 Am Jur, Weapons and Firearms § 9.
[2] 21 Am Jur 2d, Criminal Law § 521.
[4] 21 Am Jur 2d, Criminal Law § 110 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: McGREGOR, P. J., and J. H. GILLIS and O'HARA,* JJ.

McGREGOR, P. J. Based upon a complaint of gambling, the Wayne County Sheriff raided a house rented by the defendant. For a period of approximately one-half hour before the raid, three undercover police officers had been in the house, observing the activities therein. These officers testified during trial that they observed the defendant with a blackjack in his back pocket. They also testified that the blackjack was taken from the back pocket of the defendant when he was °arrested.

Defendant testified in his own behalf that he had taken the blackjack from a customer in the house and had only intended to keep it until the customer was ready to leave.

The defendant was tried by a jury on the charge of possession of a blackjack, in violation of MCLA 750.224; MSA 28.421; he was found guilty, and now appeals, raising two issues.

In his defense, the defendant theorizes that he never exercised the dominion and control over the blackjack necessary to constitute possession. He argues that he only had temporary custody, and that this custody was legal in that he merely

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

disarmed another individual, and was holding the weapon until the other individual left. In his testimony, the defendant contended that the blackjack had been brought into the house by another person; the defendant did not want the weapon used in the house, so he asked for it and, after a few minutes, tossed it on a couch, where the police officers found it. The defense requested the judge to instruct the jury on the difference between temporary custody and possession.

As part of its instructions, the court said:

"The defendant, on the other hand, testified as to his theory of the case; his theory of the case is that yes, I did have this gambling place, I did have possession of this blackjack, but I had possession of it for safekeeping, because I had taken it away from a couple young men who were playing with it, and after I had it in my hand a while I threw it on the couch."

The defendant contends that this instruction by the trial judge was erroneous and misleading, and should warrant a new trial.

The statute under which the defendant was charged provides, in pertinent part:

"Any person who shall manufacture, sell, offer for sale, or possess any * * * blackjack, * * * shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years or by a fine of not more than $2,500.00."

The statute thus forbids the possession of a blackjack, regardless of the individual's intention. In passing on the validity of this statute's predecessor (which was substantially the same as the present statute), the Supreme Court has held:

"The statute applies to all persons except peace officers, certain manufacturers, military, and licensed per-

sons, and contains no limitations of place, time, purpose or use. It prohibits the possession of the enumerated weapons by anyone, other than an accepted person, in private as well as in public, in the home or elsewhere, *and whatever the purpose and contemplated use."* (Emphasis added.) *People v Brown,* 253 Mich 537, 539 (1931).

In a similar case, this Court has held that the intent is immaterial:

"Defendant next contends that the trial judge erred in instructing the jury that in carrying a concealed weapon 'the intention is immaterial.'

"The intent with which a weapon is carried is not an element of the offense. The only intent necessary under the statute is an intent to do the act prohibited—to carry the weapon concealed on or about the person." *People v Iacopelli,* 30 Mich App 105, 107 (1971).

In *Iacopelli,* the Court cited *People v Williamson,* 200 Mich 342, 346–347 (1918), in which the Supreme Court also decided that the intent in such a statute was immaterial:

"In the last cited case *[Strahan v State,* 68 Miss 347], the sheriff gave his pistol to defendant for the purpose of having it repaired. Defendant was accustomed to do such jobs, and after receiving the pistol carried it to his home two or three miles distant, and afterwards at the owner's request brought it back. While on his way, he carried the pistol in his pocket for the sake of convenience. The trial court refused an instruction asked by defendant that the jury should acquit, under the foregoing facts. It was held by the Supreme Court that the trial court properly refused the instructions asked by the defendant, and that the verdict of guilty was sustained by the evidence. The Court said:

" 'The defendant did the act forbidden by the statute, which makes the prohibited *fact* and not the *intent* criminal.' "

From the foregoing, we must conclude that the defendant's reason for having the blackjack was immaterial, and that his proffered defense was in reality no defense at all. Any error made by the trial judge was harmless error, as it gave the defendant more than he was entitled to.

Defendant further contends that the trial judge erred when he failed to grant the defendant's request for an instruction on the lesser included offense of attempt to possess a blackjack.

The prosecution argues that the record is devoid of any request for such an instruction and that, therefore, the trial judge did not err in failing to give such an instruction.

The trial transcript indicates that discussion as to jury instructions was held, off the record, and it is therefore impossible to determine with certainty whether such instructions were specifically requested.

In *People v Wynn,* 386 Mich 627, 630 (1972), the Supreme Court held that:

> "We find that defendant did not make a legal request for instructions on lesser included charges in writing as required by GCR 1963, 516.1, if indeed he made any request at all. The trial court's failure to give instructions on the lesser included charges is not reversible error. *People v Allie,* 216 Mich 133 (1921)."

See also *People v Gregory Thomas,* 38 Mich App 777 (1972).

Defendant's conviction is affirmed.

J. H. GILLIS, J., concurred.

O'HARA, J. *(concurring in result).* I agree with my associates that this conviction should be affirmed. I agree also that the instruction concerning

the lesser included offense of "attempted possession of a blackjack" need not have been given, but not only for the reasons assigned by them.

I am in complete accord with the position of the prosecution that there simply is no such offense in Michigan as "attempt to possess a blackjack". I was wrong when I signed the *per curiam* opinion in *People v Miller,* 25 Mich App 586 (1970). I mistakenly relied upon *People v Webb,* 127 Mich 29 (1901), cited in *Miller.*

The statement ascribed to *Webb,* "every charge of crime necessarily includes an attempt", cannot possibly be reconciled by a later modifying statement relating to the following statutory provision:

" 'Every person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution, of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows.' " *(Webb, supra,* p 31.)

The Court then went on to say in this regard,

"We have held that this section is declaratory of the common law, and does not change the common-law rule as to *what constitutes an attempt* to commit an offense." (Emphasis supplied.)

The common law, to my knowledge, never declared that there was an offense of "attempting" to possess something.

With penitence I confess that, as to the matter of *all* offenses including an attempt, *People v Patskan,* 29 Mich App 354, 357 (1971), states the proper interpretation of the statute.

"Defendant relies on MCLA § 768.32 (Stat Ann 1954

Rev § 28.1055), which provides: 'Upon an indictment for any offense, consisting of different degrees, as prescribed in this chapter, the jury may find the accused * * * guilty * * * of an attempt to commit such offense.' A reasonable interpretation of this statute forces the conclusion that it was not meant to apply to all crimes."

The same reasoning should have applied in *Miller,* and it applies here. Either an accused possesses a blackjack or he doesn't. If he possesses it (in the legal sense), the offense is completed. If he doesn't possess it in the same sense, he has not violated the statute.

If I can console myself at all, I simply say, *"Errare humanum est; sed erroribus cognovimus."*

I, too, vote to affirm.