PEOPLE v. SNYDER.

1. INTOXICATING LIQUORS—SEARCHES AND SEIZURES—CRIMINAL CODE APPLICABLE.

The provisions of the criminal code (Act No. 175, Pub. Acts 1927) relating to search warrants are applicable to the liquor law.

2. SAME—SEARCH TO BE IN DAYTIME UNLESS WARRANT ISSUED ON POSITIVE PROOF.

Under the criminal code (Act No. 175, Pub. Acts 1927, chap. 16, §§ 3, 4), all search warrants, including those issued to search for intoxicating liquors, must command the officer to search the premises in the daytime, unless there is positive proof that the thing to be searched for is in the place to be searched when search in the nighttime may be authorized.

3. SAME—SEARCH AT NIGHT ILLEGAL WHERE WARRANT NOT ISSUED ON POSITIVE PROOF.

Where a warrant to search for intoxicating liquors did not purport to have been issued on positive proof, its execution about midnight was illegal, and the evidence thereby obtained was inadmissible in the trial of accused.

Error to Eaton; McPeek (Russell R.), J. Submitted October 12, 1928. (Docket No. 156, Calendar No. 33,954.) Decided December 4, 1928.

Guy Snyder was convicted of violating the liquor law. Reversed.

*Harry H. Partlow*, for appellant.

*Wilber M. Brucker*, Attorney General, and *Fisk Bangs*, Prosecuting Attorney, for the people.

* Continued from Vol. 244.

Potter, J.  Defendant was convicted of a violation of the liquor law and sentenced to imprisonment in the Michigan reformatory at Ionia for from six months to one year.  He seeks to review by writ of error the judgment of the trial court.  The search warrant by which the principal evidence was procured does not purport to have been issued on positive proof.  There is no claim it was so issued.  It was executed about midnight.  Motion was made by defendant to suppress the testimony obtained by the execution of this search warrant.  This motion was overruled.  The sole question is the regularity of the issuance and service of the search warrant herein.

The people claim the criminal code is a general act and not intended to amend or repeal the provisions of the liquor law relating to search warrants. This would be so but for the specific language of the criminal code which makes it applicable to search warrants issued under any other law.  The liquor law is within the plain meaning of the statutory language, and the provisions of the criminal code relative to search warrants must be held applicable. Act No. 175, Pub. Acts 1927, applies to all cases in which a search warrant may issue ''under any other law of this State providing for the same.''  There is no exception of the liquor law, which is clearly included in the language ''any other law of this State.'' Section 2, subd. 5, chap. 16, Act No. 175, Pub. Acts 1927.  All search warrants, according to the criminal code, must command the officer to search the premises in the daytime (§ 3), except if there is positive proof that the thing to be searched for is in the place to be searched, a search warrant may be issued authorizing its execution in the nighttime (§ 4).  It follows that the execution of the search

warrant in question in the nighttime was illegal and defendant's motion to suppress the evidence thus obtained should have been granted.

Judgment is reversed and the cause remanded for a new trial.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.