PEOPLE *v.* STEENECK.

1. INTOXICATING LIQUORS—SEARCH IN NIGHTTIME NOT WARRANTED UNLESS COMMANDED IN WARRANT—CRIMINAL LAW.

Where warrant to search for intoxicating liquor did not command search of defendant's premises in nighttime, search thereunder in nighttime was not warranted, and evidence secured thereby is not admissible in prosecution of defendant.

2. CRIMINAL LAW—EVIDENCE—NEW TRIAL.
    Although, in prosecution for violation of prohibition law, evi-
        dence inadmissible because secured by illegal execution of
        search warrant was received without objection, in view of its
        prejudicial effect, together with court's failure to instruct
        that certain testimony admissible only as bearing on credibility
        of witness should be considered for such purpose only, a new
        trial should be granted.

3. SAME—DISQUALIFICATION OF JURYMAN.
    Question as to disqualification of juryman, raised on motion for
        new trial, *held*, without merit.

Error to Cass; Warner (Glenn E.), J. Submitted
June 13, 1929. (Docket No. 139, Calendar No.
34,369.) Decided July 8, 1929.

Henry Steeneck was convicted of violating the
liquor law. Reversed, and new trial ordered.

*Elias P. Harmon,* for defendant.

*Wilber M. Brucker,* Attorney General, and *Asa
K. Hayden,* Prosecuting Attorney, for the people.

SHARPE, J. Defendant was convicted on an in-
formation charging him with having sold one and
one-half pints of intoxicating liquor to James
Wesaw and T. G. Wright on September 5, 1928. We-
saw testified that, furnished with some money by
the undersheriff of the county, he went to defend-
ant's home, accompanied by Wright; that he there
purchased several drinks of whisky, and also a pint
and half pint in bottles and paid the defendant
therefor; that he gave one of the bottles to Wright;
that, after leaving, they were met by the sheriff and
undersheriff; that his bottle was taken from him;
that Wright threw his away, but it was recovered
by the officers; that they all then went to the office of

a justice of the peace at Cassopolis, where he made affidavit of such purchases and Wright signed an affidavit verifying the statements he had made. The bottles were identified, and the liquor in them conceded to be intoxicating. Wright was then called. He admitted going to defendant's home with Wesaw, but testified that Wesaw furnished the liquor which was there drunk, and gave him the bottle he had in his possession when met by the officers. This witness, over objection, was cross-examined by the prosecuting attorney at length as to what occurred at the home of defendant and as to the affidavit made by him.

The prosecution next called a deputy sheriff, who testified that about midnight of the same day he went to defendant's home, armed with a search warrant, issued on the affidavits of Wesaw and Wright, and on search found a quantity of "beer, liquor and some wine" therein. He identified a bottle of which he had taken possession, the contents of which were conceded to be intoxicating.

The undersheriff, who had furnished the money to Wesaw, was then called, and, over objection, was permitted to state what Wesaw and Wright said to him and the sheriff on the road and at the time of the signing of the affidavits. He also testified as to the search made and what was then found in defendant's home. On objection, the court said:

"It is admitted only for the purpose of bearing upon the probability and credibility of the testimony; that is the only purpose it can be introduced for, and I will so instruct the jury when I come to it."

It appears that the justice of the peace who issued the search warrant also accompanied the officers when the search was made.

The instructions of the court to the jury were clear and concise. He emphasized the fact that they could not convict the defendant because the liquors were found in his house on the search made. No reference, however, was made by him to the fact that certain of the testimony which had been admitted should be considered only as affecting the credibility of the witness Wright.

The search warrant did not command the officer to search the premises of the defendant in the night-time, and the search made thereunder was not warranted. *People* v. *Snyder,* 245 Mich. 1. (It is but fair to state that this case was tried on the day following that on which the above case was decided.) The evidence secured thereby should not have been received, and it cannot be said that it was not prejudicial to the defendant. While no objection was made to its reception for this reason, and both court and counsel may well be excused for their failure to anticipate our holding in the *Snyder Case,* yet, in view of its prejudicial effect and the omission in the charge above pointed out (see *People* v. *Hill,* 236 Mich. 672), a new trial should be granted.

The question raised on the motion for a new trial as to the disqualification of a juryman is without merit. The affidavits as to what occurred in the jury room need not be considered. *Ballance* v. *Dunnington,* 246 Mich. 36, and cases cited.

The judgment is reversed and a new trial ordered. The record does not disclose whether the defendant is in custody. If so, he will be remanded to the sheriff of Cass county to await such trial.

NORTH, C. J., and FEAD, FELLOWS, CLARK, MC-DONALD, and POTTER, JJ., concurred. WIEST, J., concurred in result.