PEOPLE v. HOLMES.

RAPE—NEW TRIAL—EQUALLY DIVIDED COURT.
> Conviction of rape by 18-year old defendant is reversed and new trial granted, the court being equally divided as to whether a new trial should be granted or defendant discharged.

Appeal from Ottawa; Miles (Fred T.), J. Submitted October 12, 1939. (Docket No. 139, Calendar No. 40,535.) Decided February 14, 1940.

Jerry Holmes was convicted of rape. Reversed and new trial granted.

*Dean S. Face,* for appellant.

*Thomas Read,* Attorney General, and *Elbern Parsons,* Prosecuting Attorney (*John R. Dethmers,* of counsel), for the people.

BUTZEL, J. Respondent was convicted of rape. At the time of the alleged offense he was 18 years of age and the prosecutrix was a few months younger. He admitted the intercourse but denied the other factors that make up the crime, that the act had been by force and against the will of the prosecutrix. Penal Code (Act No. 328, § 520, Pub. Acts 1931 [Stat. Ann. § 28.788]).

The prosecuting witness was unquestionably of good moral character. She had recently graduated from high school and had taken a temporary position in the home of respondent's aunt and uncle to assist in the household duties. The house itself was a substantial farm residence, and the girl was given a room on the second floor across the hall from the bedroom occupied by respondent who was living with his aunt and uncle and helping as a farm hand. Two young children occupied another room on the floor, and the hired man the fourth bedroom. The aunt and uncle slept downstairs.

Both parties here were post-adolescents and still at an age at which temptation is most apt to overcome the moral sense. The opportunities were heightened by the proximity of the bedrooms and the lack of supervision by the adults in the house. Evaluation of the evidence is particularly difficult in an issue of this nature where it is largely the word of one participant against that of the other. However it will serve no good purpose to state the details of what occurred. Although prosecutrix made no outcry, she claims that the act took place without her consent and by force. Defendant denies this. It is admitted the act took place after prose-

cutrix had turned over. The jury was out about three hours, including time for supper. They asked further questions about the female's resistance and the attacker's force. They finally brought in a verdict of guilty and the judge sentenced defendant to from 5 to 10 years.

Many questions are presented on appeal. The case was submitted on instructions following the liberal rule set forth in *Strang* v. *People,* 24 Mich. 1. The testimony was sufficient to support the jury's believing the prosecutrix's claims that she did everything that an inexperienced girl among strangers might do to resist attack. Two diametrically opposed versions of the occurrence could be reconciled only by giving greater weight to the credibility of the prosecuting witness than to respondent. It was a question of fact and we cannot say on the record before us that the verdict was against the great weight of the evidence.

In cases of this kind the word of the prosecutrix frequently carries more weight than that of the defendant. When it becomes a close question some apparently slight error may become very prejudicial and affect the result. For this reason, the conviction must be set aside because of the following error. On respondent's cross examination in which he admitted that the act took place in an unnatural position, the prosecuting attorney asked him:

"Have you ever had intercourse like that before?" Respondent replied, "Yes, I have."

If this was an attempt to convict respondent of a crime by proving that he committed a similar act in the same manner, it was clearly improper and prejudicial. *People* v. *Hunter,* 218 Mich. 525; *People* v. *Dean,* 253 Mich. 434. It was likewise irrelevant for any other purpose (*People* v. *Cowles,* 246 Mich. 429), and cannot be justified as designed to test the credi-

bility or the character of the witness. Cf. *State* v. *Burris,* 194 Iowa, 628 (190 N. W. 38); *Campbell* v. *State,* 62 Tex. Crim. 561 (138 S. W. 607); *State* v. *Hougensen,* 91 Utah, 351 (64 Pac. [2d] 229). Unlike the situation in *People* v. *Fleming,* 224 Mich. 199, defendant's intent or motive was not at issue; the sole question for the jury was whether the prosecutrix had refused her consent and defendant had overcome her will by force. For this reason respondent's previous sexual experience was wholly extraneous. It was likewise improper for the prosecuting attorney to magnify the error by reference to this evidence in his closing argument to the jury. *People* v. *Lee,* 258 Mich. 618.

In his affidavit and motion for new trial, counsel for respondent explained the fact that no objection was made to the quoted question or answer on the ground that respondent, being young and inexperienced as a witness, replied to the question before objection could be interposed, and that a motion to strike the answer would only have emphasized the prejudicial effect by calling special attention to the testimony. The motion for new trial was denied, the court finding the question and answer relevant evidence. It is axiomatic that an objection not properly and timely presented to the court below will be ignored on review and, except under unusual circumstances, we have no disposition to relax this rule. Nevertheless, in the exercise of supervisory control over all litigation, appellate courts have long asserted the right to consider manifest and serious errors although objection was not made by the party who appeals. As stated in *Gonzales* v. *Rivera,* 37 N. M. 562, 569 (25 Pac. [2d] 802):

"Ordinarily this court is content to examine the points here relied upon for reversal, if properly preserved at the trial, sustaining or overruling them.

That is all appellants are entitled to as of right. But that does not limit the inherent power of this court to prevent fundamental injustice."

See *People* v. *Dean,* 308 Ill. 74 (139 N. E. 37); *People* v. *Leonardi,* 143 N. Y. 360 (38 N. E. 372); *People* v. *Conti,* 215 App. Div. 270 (213 N. Y. Supp. 449); *Ellerd* v. *Murray* (Tex. Civ. App.), 247 S. W. 631; and the cases collected in note 98 of 4 C. J. S. p. 497. In the exercise of this power we have ourselves reversed a case where inadmissible evidence was admitted without objection. *People* v. *Steeneck,* 247 Mich. 583.

We are here confronted with a defendant not legally of age who has been convicted of a criminal offense for which he might have been sentenced to life imprisonment and who did receive, notwithstanding his youth and the other unusual circumstances, an extremely severe sentence. The evidence, while legally sufficient, was highly conflicting. The credibility of one witness as against that of the other was all-important. The prosecutrix showed an unusual ignorance of sex matters. A previous experience of respondent, particularly in this unnatural position, when revealed to the jury and emphasized by the prosecutor in his final argument, might well have resulted in fatal prejudice to his testimony. Under such circumstances, we think that the judge should have granted respondent's motion for a new trial. The other claims of error, if of any merit, will not likely arise again and therefore are not . discussed.

The judgment of conviction is reversed and the cause remanded for a new trial.

Sharpe, McAllister, and Wiest, JJ., concurred with Butzel, J.

CHANDLER, J.   A careful review of the record in this case is most convincing that there was not sufficient proof of force or fear of bodily harm to establish the crime charged in the information.   For that reason, the trial court should have directed a verdict of not guilty.

The verdict of the jury and the judgment of the court based thereon should be vacated, and the respondent should be discharged.

BUSHNELL, C. J., and POTTER and NORTH, JJ., concurred with CHANDLER, J.