## SARAZIN *v.* JOHNSON CREAMERY, INC.

1. APPEAL AND ERROR—REQUEST TO CHARGE—INSTRUCTIONS—SAVING QUESTION FOR REVIEW.

   The failure to give a request to charge that should have been given under the circumstances of the case and which was not covered by the charge given was not reversible error, where counsel who had made the request was afforded ample opportunity in chambers to object to or supplement the charge as given but did not do so.

2. AUTOMOBILES—INSTRUCTIONS—REQUEST TO CHARGE—SAVING QUESTION FOR REVIEW—SOUNDING HORN.

   The trial court's failure to give plaintiff's request to charge that defendant's eastbound truck driver on alley was guilty of negligence as a matter of law in failing to sound horn as he came to sidewalk on which plaintiff, a 7-year-old bicyclist was southbound; *held*, not reversible error, where although the request was proper and should have been given, plaintiff failed to avail himself of correctional measures when ample opportunity was afforded him for doing so, thereby not saving question for review (CLS 1956, § 257.706).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error §§ 537, 538.

Appeal from Wayne; Gilmore (Horace W.), J. Submitted January 9, 1964. (Calendar Nos. 4, 5, Docket Nos. 49,724, 49,725.) Decided March 5, 1964.

Case by Charles Sarazin, next friend of Charles Sarazin, Jr., against Johnson Creamery, Inc., a Michigan corporation, for personal injuries sustained by minor while riding bicycle. Derivative action by Charles Sarazin for expenses. Verdict and judgments for defendant. Plaintiffs appeal. Affirmed.

*Maile, Leach & Silver* (*Judson L. Levin,* of counsel), for plaintiffs.

*Cary, BeGole & Martin,* for defendant.

Black, J. These are consolidated suits for negligence, arising from a collision with defendant's motor truck of a bicycle ridden by plaintiff Charles Sarazin, Jr.

In the late morning of August 29, 1956, Charles, then 7 years of age, was riding a borrowed bicycle southerly, on a sidewalk, in Ecorse. Defendant's milk truck was proceeding easterly in an alley, approaching the intersection of the alley with the sidewalk. The boy was riding as indicated, toward the alley. The truck driver testified that he stopped short of the sidewalk; looked to his left as far as the obstructed view allowed (some 15 feet); saw nothing to suggest he should not proceed forward; moved forward some 2 feet; then saw the oncoming boy, and that he then stopped with the truck blocking about 2 feet of the sidewalk. Upon seeing the truck the boy swerved right and struck the left rear fender and tire of the truck.

November 29, 1961, after some 5 days of trial, the jury returned a verdict of "no cause for action." Motions for judgment *non obstante veredicto* ("on

the subject of liability") and new trial were filed. The trial judge denied both motions. Plaintiffs appeal and present several allegations of error, one only of which requires specific treatment. It is that the trial judge erred in denying plaintiffs' request to charge number 2, the important phases of which are quoted as follows:

"Now, certain statutes of the State of Michigan are applicable to the facts of this case, and the pertinent parts of these statutes read as follows: * * *

"CLS 1956, § 257.706 (Stat Ann 1960 Rev § 9.2406) 'The driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn but shall not otherwise use such horn when upon a highway.' * * *

"Now, members of the jury, violation of a statute under the law of this State constitutes negligence. Therefore, if you find that the defendant's driver violated any of the foregoing statutes which the court has read to you, and that such violation was a proximate cause of the collision, then you shall find for the plaintiff and turn your attention to the subject of damages, if you further find that the defendant has failed to sustain its burden of proof with respect to its claim of contributory negligence. The court will instruct you on the subject of contributory negligence shortly."

The quoted request (or something equivalent thereto) was quite in order, defendant's driver having admitted that he at no time sounded the horn of the truck. This is not to say of course that the circumstances were such as to require—as a matter of law—the sounding of the horn. It is to say that the jury might have found, such an instruction being given, that it was "reasonably necessary" under the statute that the driver sound the horn prior to starting across the walk.

The request should have been granted. But again, as we perceive regularly in like cases, plaintiffs did not save the question for review. When the court's charge to the jury was concluded, the following occurred:

"Now prior to the time that I send you to commence your deliberations, as is customary in this court, I shall ask both counsel and the reporter to come with me out of your hearing, at which time I will give counsel an opportunity to object to any portions of this charge, or to make further requests to charge, so if you will remain in your box, I will ask counsel and the reporter to come with me.

(Whereupon the court and counsel went into chambers and the following proceedings were had out of the presence and hearing of the jury):

"*The Court*: Let the record show that we are out of the hearing of the jury. Present are counsel for the plaintiff and defendant. I will first ask Mr. Leach if he has any objection to the charge or any further requests to charge?

"*Mr. Leach*: I would like to make the following statement with respect to the court's inquiry that I spent some time on the requests to charge as filed in these 2 causes, and 2, each of these requests to charge, particularly on the boy's case, I might ask that the court give specifically request No. 7 and request No. 10. Basically those have to do with not being bound to anticipate unlawful acts, that is No. 7, and No. 10 is in line with *Bartlett* v. *Melzo* [351 Mich 177], a greater amount of care is required.

"*The Court*: Starting with 10 first, I think I covered that when I explained negligence. I pointed out that the standard of care is the standard of a boy of that age, and I pointed out as clearly as I could the difference between the two. With reference to not being necessary to anticipate unlawful actions, I don't think I covered that in the exact words, but I covered it close enough. I don't want to upset them at this time.

"*Mr. Leach*: I will just go back to No. 10 and read the last part. 'Therefore, in determining whether these 2 persons were negligent in this lawsuit, I charge you that defendant's driver was under the circumstances obliged to exercise a much greater amount of care than Charles Sarazin, Jr.' That is quoted from the *Bartlett Case* and they bring out the theme of adult versus child and in the situation that we have here of truck versus bicycles.

"*The Court*: What do you have to say on that?

"*Mr. Campbell*: I do not think that is true. I do not think the test of the standard of care varies with plaintiffs. He has to exercise due care as does the child under his circumstances, and the language of that case does not to me say that it is the general rule. It is just saying that an adult is obviously expected to under most circumstances exercise greater care than a child. I can conceive of the reverse situation.

"*Mr. Leach*: I did not make this law. This came out in 351 Michigan.

"*The Court*: I think I will emphasize that again. I will point out to the jury that the standard of care and what the court said in the *Bartlett Case* was that you judge the standard of care by the person, and obviously an experienced truck driver has the standard of care for an experienced truck driver and that is different than the standard of care for a boy, because the test for negligence is what is reasonable under the circumstances then and there existing, considering age, experience and so forth, and to that extent I will state that to the jury, but I am not going any further than that, because I think that is what the meaning of the *Bartlett Case* is.

"*Mr. Leach*: Other than that I just wanted to mention to the court that if the court deems it proper, I would like to have the court put in the ad damnum clause, because the jury might come back and not know what the limitations are. That is in the *Wurzburg Case*. [*Peters* v. *Wurzburg*, 267 Mich 45.]"

The practice followed by Judge Gilmore was stimulated probably by the pointed observation made in *Gilson* v. *Bronkhorst,* 353 Mich 148, at 160 and repeated in *Lober* v. *Sklar,* 357 Mich 166, at 171, 172.* It did in this instance result in stress by plaintiff's counsel of his requests to charge 7 and 10, without mention of request to charge 2 above, and it did result in additional jury instruction to the legal point made by request 10. For some unexplained reason, however, counsel seems to have been satisfied with the charge (so far as concerns the subject matter of request 2) since he made, when aforesaid opportunity was provided, no point of omission from the charge of request 2 or any part thereof. Such is not the way to save for review what otherwise might be deemed reversible error. For elaboration and discussion, see *Smith* v. *Musgrove,* 372 Mich 329.

Affirmed. Costs to defendant.

KAVANAGH, C. J., and KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred with BLACK, J.

DETHMERS, J., concurred in result.

---

* Such practice is both useful and valuable. It is purposed toward elimination of inadvertent error and costly retrial. It is declared now by court rule. See GCR 1963, 516.2.