PEOPLE *v.* WHITE

PEOPLE *v.* WYNN

APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION
—COURT RULE.

To preserve the error of the trial court's refusal to give a requested instruction a party (1) must request the instruction and (2) must object to the trial court's erroneous refusal to give the instruction before the jury retires (GCR 1963, 516.2).

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 November 6, 1970, at Detroit. (Docket Nos. 7192, 7570.) Decided February 22, 1971. Affirmed by Supreme Court as to Wynn, 386 Mich 627. Leave to appeal denied as to White March 17, 1972, 387 Mich —.

James O. White and Ronald Wynn were convicted of breaking and entering with intent to commit a felonious assault. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant Wynn on appeal.

*Gerald J. Klein,* for defendant White on appeal.

REFERENCE FOR POINTS IN HEADNOTE

5 Am Jur 2d, Appeal and Error § 623.

Before: LESINSKI, C. J., and J. H. GILLIS and BEASLEY,* JJ.

PER CURIAM. Defendants James White and Ronald Wynn were convicted by a jury of breaking and entering with intent to commit a felonious assault.[1] MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.-305). Defendants appeal as a matter of right. A third defendant, Kenneth Wynn, was tried below but is not in this appeal.

Defendant White contends that the testimony of the two key prosecution witnesses was so discredited that the trial court should have granted defendant's motion for a directed verdict. It is true that *People* v. *Lyons* (1883), 51 Mich 215, indicates that a jury may not rely on the testimony of a witness who is "completely impeached". But by no means can the credibility of the prosecution's witnesses be said to have been totally impeached. The inconsistencies in the testimony of the witnesses presented a matter of credibility for the jury to determine and to evaluate. *People* v. *Gray* (1970), 23 Mich App 139.

Defendant Ronald Wynn assigns as error the trial court's refusal to instruct the jury as to the lesser, included offenses of breaking and entering, entering a building without breaking with intent to commit a felony and entering without permission. MCLA § 750.111 (Stat Ann 1962 Rev § 28.306); MCLA § 750.115 (Stat Ann 1962 Rev § 28.310). Defendants produced evidence compatible with these lesser offenses. *People* v. *Simpson* (1966), 5 Mich App 479.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendants were originally charged with armed robbery as well as breaking and entering, but the jury could reach no verdict upon this count and the robbery charge was dismissed.

The request for the charge as to the lesser offenses was made by defendant Kenneth Wynn's counsel but denial of the request is assigned as error by defendant Ronald Wynn. The latter's counsel made no request for the instruction. The trial court declined the requested instruction principally because the evidence indicated a forcible entry. After the trial judge instructed the jury, he gave defense counsel below an opportunity to object. No objection was made by any of the three attorneys for defendants at this time for failure to give instructions on the lesser offenses. GCR 1963, 516.2 requires that to preserve the error of the trial court's refusal to give a requested instruction, a party must request the instruction and object to the trial court's erroneous refusal before the jury retires.

In *Sarazin* v. *Johnson Creamery, Inc.* (1964), 372 Mich 358, plaintiffs requested an instruction which should have been granted. As in the instant case, the trial court permitted counsel to put his objections to the charge on the record and counsel did so as to other instructions but failed to interpose an objection as to the refusal of the trial court to give the requested instruction. It was held in that case that omission of an objection as to a requested charge waived whatever error existed.

In *Hill* v. *Harbor Steel & Supply Corporation* (1965), 374 Mich 194, 206, the following is found:

"Although plaintiffs requested that certain instructions be given, it does not appear of record that they objected to the instructions as given before the jury had retired to consider its verdict. Even at the time of this trial in April, 1962, counsel had before them the decisions in *Gilson* v. *Bronkhorst,* 353 Mich 148, and *Lober* v. *Sklar,* 357 Mich 166, both of which emphasized that the credence this Court gives to claims that instructions were reversib'

erroneous depends to a considerable extent upon counsel's diligence in seeking correction of the instructions while 'time yet remains to set things right in the jury room', *Gilson* at 160, note, *Lober* at 171, 172, even after the jury had retired but before announcement of its verdict. As to cases tried after January 1, 1963, GCR 1963, 516.2 controls and requires that counsel object to alleged instructional errors *before* the jury retires if he expects to rely upon such alleged errors upon appeal. See *Salvatore* v. *City of Harper Woods,* 372 Mich 14, and *Sarazin* v. *Johnson Creamery, Inc.,* 372 Mich 358. However, since in this case we are reversing on other grounds, we will consider some of the alleged instructional errors *despite counsel's failure to follow the preferred, and now required, practice.*[2] (Emphasis supplied.)

Similarly, the Court in *Hunt* v. *Deming* (1965), 375 Mich 581, prescribes the procedure for preserving instructional errors on appeal. It is noted at 584, 585 that:

"Counsel may submit requests for instructions to the trial judge at or before the close of evidence and the trial judge is required to inform counsel of his action upon their requests prior to their arguments to the jury. GCR 1963, 516.1. Thus, by submitting comprehensive written requests to charge, upon which the trial judge must rule before arguments are made to the jury, counsel should be in a position to know when the charge is given whether a proper instruction was omitted or an improper one given. At the conclusion of the charge, the trial judge should excuse the jury and *then* give counsel an opportunity to make on the record such objections to the charge as they may have. GCR 1963, 516.2. When counsel have completed their statements of objections, the jury should be recalled for further

---

[2] See fn 7 of the Court's opinion in *Hill.*

instruction when necessary and for direction by the trial judge to retire for deliberation upon its verdict. Only if such procedure is followed by court and counsel can the rights of all parties properly be protected and objections to erroneous jury instructions assuredly be saved for appellate review".

Affirmed.