PEOPLE v POOLE

1. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—RE-
   QUESTS FOR INSTRUCTIONS.

A criminal defendant must show that an explicit request for an
instruction was made at trial before bringing a claim on appeal
regarding the failure to give the particular instruction, where
the law at the time of his trial required an explicit request.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—REQUESTS FOR INSTRUC-
   TIONS—SUFFICIENCY OF REQUESTS.

A sufficient request for a jury instruction has not been shown (1)
where the record indicates there was only a discussion in
chambers concerning whether or not the court should include
the instruction, (2) where the record further shows that defense
counsel receded from any possible request due to the trial
court's opinion as to the inappropriateness of the instruction,
and (3) where defense counsel stated that he in effect was
satisfied with the charge as given and had no objections
thereto.

Appeal from Recorder's Court of Detroit, John
R. Murphy, J. Submitted October 5, 1976, at De-
troit. (Docket No. 24073.) Decided December 2,
1976.

Kenneth Poole was convicted of armed robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Criminal Division, and *Robert A. Reuther,*
Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 623.
[2] 75 Am Jur 2d, Trial § 580.

*Richard R. Nelson,* for defendant.

Before: V. J. Brennan, P. J., and Bronson and Bashara, JJ.

Per Curiam. The defendant was convicted in a jury trial of armed robbery contrary to MCLA 750.529; MSA 28.797. He is sentenced to prison for a term of from 1-1/2 to 5 years. Defendant appeals as a matter of right. He raises several allegations of error. We will discuss only one.

Defendant argues that the trial court committed reversible error by failing to instruct the jury on the lesser included offense of attempted armed robbery. We disagree.

The trial record reflects the following colloquy in chambers between defense counsel and the court:

*"The Court:* What about the lesser included offenses Mr. Maher?

*"Mr. Maher:* I realize that with an alibi defense, lesser included offenses would not ordinarily be considered.

*"The Court:* Do you dispute that there was a robbery, that somebody committed a robbery?

*"Mr. Maher:* No, I don't dispute that there was a robbery.

*"The Court:* All right. Do you want any lesser included offenses?

*"Mr. Maher:* I think just as a matter of record perhaps they should be, they should be.

*"The Court:* Which ones?

*"Mr. Maher:* Well, Attempt.

*"The Court:* Attempt. What else, any others? I don't think Attempt fits to tell the truth.

*"Mr. Maher:* Well, I can't quarrel with that either."

It appears here that counsel agreed with the court. The record supports the fact that it was an armed

robbery; the only question being, was this the person who committed it, remembering that defendant's sole defense was alibi.

Michigan courts at the time of this trial required that a defendant show an explicit request for instructions at trial before bringing a claim on appeal regarding the failure to give a particular instruction. *People v Wynn,* 386 Mich 627, 636, 640; 194 NW2d 354 (1972). (Opinion for affirmance.) See also *People v Jones,* 273 Mich 430, 432; 263 NW 417 (1935). We feel there was not sufficient indication of a request in this case, but only a discussion concerning whether or not the court should include the instruction on attempt. *People v Wynn, supra,* at 636. We further believe that were a request to be found the final statement by defense counsel shows he receded from any possible request due to the trial court's opinion as to the inappropriateness of such an instruction. *People v Wynn, supra* at 637–638. Supporting this belief was counsel's statement that he in effect was satisfied with the charge as given and had no objections thereto.

We have reviewed defendant's other assignments of error and find them without substantial basis in law.

Affirmed.